|  |  |
|---|---|
| **UNITED STATES DISTRICT COURT** | **EASTERN DISTRICT OF TEXAS** |

| | |
|---|---|
| SYLVESTER J. HOFFART,<br>Individually and as Guardian of the Person<br>and the Estate of Louise T. Hoffart,<br><br>        Plaintiff,<br><br>*versus*<br><br>HAL C. WIGGINS, ET AL.<br><br>        Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§    CIVIL ACTION NO. 1:08-CV-46<br>§<br>§<br>§<br>§ |

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

The court referred this matter to the Hon. Earl S. Hines, United States Magistrate Judge, for pretrial proceedings pursuant to General Order 05-07. The court has received and considered the report of the magistrate judge, who recommends that the court grant two defendants' motion to dismiss due to their prosecutorial immunity.

I. Background

Plaintiff Sylvester J. Hoffart, proceeding *pro se*, alleges that he has been swindled by relatives, defendants Hal and Joanne Wiggins. Plaintiff also sues Bob Herman and Janelle Factora Wipper, the District Attorney and Deputy District Attorney of Washington County, Oregon, respectively, because they refused to criminally prosecute the Wiggins couple for their "theft" or wrongful conversion of plaintiff's money. On November 26, 2008, the magistrate judge filed his report recommending dismissal of Herman and Wipper based upon prosecutorial immunity.

On December 8, 2008, Plaintiff filed numerous objections to the magistrate judge's findings, conclusions, and analysis. This requires a *de novo* determination of those portions of

the report or specified proposed findings or recommendations to which objection is made. 28 U.S.C. § 636(b)(1)(C).

## II. Plaintiff's Objections

Plaintiff's objections quarrel with the precise words and phrases used by the magistrate judge when describing the nature of this case.[1] These objections amount to semantic quibbling that need no discussion.

Otherwise, plaintiff objects to the magistrate judge's conclusion that "[p]laintiff's only complaint against these defendants is that they exercised their prosecutorial discretion in such a way as to not charge Hal and Joanne Wiggins with crimes under Oregon law." Plaintiff insists that he alleged other claims against these defendants. Specifically, plaintiff asserts that he alleged a claim for making a false statement located in the document entitled "DA's Charging Decision," and that such false statements provide a basis for causes of action for: 1) violations of Oregon civil statutes Or. Rev. Stat. §§ 124.100-124.140; 2) conspiracy to commit elder abuse under Or. Rev. Stat. §§124.100-124.140; 3) abusing their positions as district attorneys; 4) failure to return phone calls or otherwise communicate with plaintiff; and 5) denying justice under the United States Constitution. In addition, Plaintiff makes unintelligible and unspecified references to the Federal Trade Commission and victims of identity theft, a 1924 case from the Supreme Court of Oregon

---

[1] Plaintiff objects to the words "what he perceives" and the word "transfer," which are found in the factual description of the magistrate judge's Report and Recommendation (Docket No. 57).

pertaining to malicious prosecution,[2] to the state bar rules (pertaining to conflict of interest rules applicable to the Attorney General) and to "USC 1681(g) Victim's Rights."[3]

It is evident that each of plaintiff's complaints, objections or references have to do with the manner in which District Attorney Herman and Deputy District Attorney Wipper handled the criminal allegations lodged by Hoffart against the Wiggenses, and their official decision not to prosecute on the basis of the applicable statute of limitations. These were functions squarely within the sphere of a prosecutor's official duty, entitling them to immunity from civil suit and liability even if they mishandled or corruptly handled the matter. Accordingly, plaintiff's objections do not impugn the magistrate judge's findings, conclusions and recommendation.

### III. Conclusion and Order

After conducting the required *de novo* review, the court concludes that the magistrate judge's findings, conclusions and analysis are correct. Accordingly, plaintiff's objections are **OVERRULED**, and the magistrate judge's report is hereby **ADOPTED**.

Final judgment will be entered separately.

SIGNED at Beaumont, Texas, this 11th day of December, 2008.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE

---

[2] Watts v. Gerking, 111 Or. 641 (1924).

[3] Plaintiff makes several references to "USC 168," "USC 168(1)(g)" and "USC 1681(g)." It is unclear to the court to what statute he is referring.

3