| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

| | |
|---|---|
| SYLVESTER J. HOFFART,<br>Individually and as Guardian of the Person<br>and Estate of Louise T. Hoffart,<br><br>        Plaintiff,<br><br>*versus*<br><br>HAL C. WIGGINS, JOANNE WIGGINS,<br>and DWD CONTRACTORS, INC.,<br><br>        Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§    CIVIL ACTION NO. 1:08-CV-46<br>§<br>§<br>§<br>§<br>§ |

# MEMORANDUM AND ORDER

The court referred this matter to the Honorable Earl S. Hines, United States Magistrate Judge, for pretrial proceedings pursuant to the Order of Reference entered on January 23, 2008. The court has received and considered the report of the United States magistrate judge, who recommends that the court grant in part and deny in part Defendants' Motion for Summary Judgment (*#95*). Having conducted a *de novo* review of the motion, the submissions of the parties, the objections, and the applicable law, the court is of the opinion that magistrate judge's report should be adopted in part and rejected in part. *See* 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(3).

I.    Background

On January 23, 2008, Plaintiff Sylvester J. Hoffart ("Plaintiff"), proceeding *pro se*, filed the instant lawsuit against Defendants for what he perceives and alleges to be "theft" of Plaintiff's money. Plaintiff, who is domiciled in Texas, maintains that he was swindled by relatives

domiciled in Oregon. According to Plaintiff, these relatives —Hal and Joanne Wiggins [1]—convinced him to transfer $202,643.00 to them for investment. Plaintiff contends that Defendants promised to invest the funds in such a fashion as to earn an 8½ percent interest annual return, to be paid in periodic installments. According to Plaintiff, Defendants converted Plaintiff's money to their own uses and have refused to return approximately half of the principal balance originally transferred.

On December 19, 2006, Plaintiff filed suit in the Circuit Court of Washington County, Oregon, in an attempt to recover the remaining funds allegedly owed. In that case, Plaintiff sought to recover for breach of contract and financial abuse of the elderly under Oregon law. The elder abuse claim was dismissed at the summary judgment stage,[2] and the breach of contract claim was decided adversely to Plaintiff before a jury. On October 18, 2007, a final judgment on the merits was entered as to Plaintiff's breach of contract claim. *See* (Docket No. 95-3).

On January 23, 2008, while proceedings in Oregon were still pending, Plaintiff filed suit in this court, expressly asserting a federal claim for a violation of the Fair Credit Reporting Act and reasserting a financial abuse of the elderly claim under Oregon law. Subsequently, Defendants moved for summary judgment, contending that all Plaintiff's claims are barred by the doctrine of *res judicata*, as well as the relevant statutes of limitation. In support of their motion, Defendants argued that Texas law, not Oregon's, governs this proceeding. In response, Plaintiff

---

[1] Hal C. Wiggins is Plaintiff's stepson and Louise T. Hoffart's biological son. Joanne Wiggins is Hal's wife.

[2] Following an appeal by Plaintiff regarding the elder abuse claim, the Oregon Court of Appeals reversed the trial court's grant of summary judgment. That claim was recently dismissed without prejudice at Plaintiff's request.

2

argued that if Oregon law does not apply, he wishes to assert Texas causes of action for fraud and breach of fiduciary duty.

The magistrate judge filed his report on February 1, 2010, recommending that the court: (a) apply Texas law and decline to entertain Plaintiff's proposed cause of action for financial abuse of the elderly under Oregon Revised Statutes, Section 124.110, and (b) dismiss Plaintiff's Fair Credit Reporting Act claim pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure. Cognizant of a court's duty to construe *pro se* pleadings liberally, the magistrate judge interpreted Plaintiff's pleadings as also asserting several other claims governed by Texas law, viz., a statutory cause of action under the Texas Theft Liability Act,[3] and common law causes of action for fraud, breach of fiduciary duty, promissory estoppel, conversion and unjust enrichment.

These extrapolated causes of action are governed either by a two-year statute of limitations[4] or a four-year statute of limitations.[5] The magistrate judge determined that all claims governed by the two-year statute are now time-barred, and recommended that the court grant Defendants' motion for summary judgment as to those claims, viz., conversion, unjust enrichment, and the statutory claim under the Texas Theft Liability Act. The magistrate judge further concluded that a genuine issue of material fact exists as to whether claims governed by the four-year statute are time-barred. Therefore, he recommended that the court deny summary judgment as to those

---

[3] *See* TEX. CIV. PRAC. & REM. CODE § 134.001.

[4] *See* TEX. CIV. PRAC. & REM. CODE § 16.003(a); *see also Elledge v. Friberg-Cooper Water Supply Corp.*, 240 S.W.3d 869, 870 (Tex. 2007).

[5] *See* TEX. CIV. PRAC. & REM. CODE §§ 16.004, 16.051; *accord Willis v. Donnelly*, 199 S.W.3d 262, 278 n.33 (Tex. 2006); *Buecker v. Roell*, No. 13-07-00515-CV, 2009 WL 4051978, at *2 (Tex. App.–Corpus Christi 2009, no pet.); *Ambulatory Infusion Therapy Specialist, Inc. v. North Am. Adm'rs*, 262 S.W.3d 107, 119 (Tex. App.–Houston [1st Dist.] 2008, no pet.); *Carr v. Weiss*, 984 S.W.2d 753, 762 (Tex. App.–Amarillo 1999, writ denied).

claims, viz., breach of fiduciary duty, fraud, and promissory estoppel. Finally, the magistrate judge rejected Defendants' *res judicata* arguments on the ground that the Plaintiff's litigation in Oregon did not involve claims governed by Texas law.

Defendants object to the magistrate judge's recommendation on several grounds. Plaintiff filed a reply urging this court to adopt the magistrate judge's recommendation.

II.     Analysis

After conducting a *de novo* review, the court concludes that the magistrate judge's choice of laws analysis is correct, that Texas law governs this proceeding, and that Plaintiff's cause of action for financial abuse of the elderly under Oregon Revised Statutes, Section 124.110 must, therefore, be dismissed. The court further concurs with the magistrate judge's: (a) analysis that Plaintiff fails to state a claim upon which relief can be granted under the federal Fair Credit Reporting Act; (b) liberal construction of the *pro se* pleadings as asserting various potential causes of action under Texas law; (c) determination that any Texas cause of action governed by the two-year statute of limitations is now time-barred; and (d) conclusion that a genuine issue of material fact exists as to whether Texas causes of action governed by the four-year statute of limitations are time-barred.[6] The court, however, disagrees with the magistrate judge's analysis of Defendants' *res judicata* argument, and concludes that *all* of Plaintiff's claims, except the time-barred cause of action under the Texas Theft Liability Act, must be dismissed on that ground.

---

[6] Defendants argue that the magistrate judge applied an improper standard of review to his analysis under Rule 56, Federal Rules of Civil Procedure. Although in footnote 4 of the magistrate judge's report there was an imprecise statement of the law regarding the standards of review under Rules 12 and 56, the magistrate judge applied the correct standard of review to his analysis.

A. <u>Summary Judgment Standard</u>

Summary judgment is proper when the pleadings, depositions, admissions, disclosure materials on file, and affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c)(2). Material facts are those facts that the governing substantive law identifies as having the potential to affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505 (1986). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348 (1986). Instead, the nonmovant must show that the evidence is sufficient to support the resolution of a material factual issue in his favor. *Anderson*, 477 U.S. at 249. When ruling on a motion for summary judgment, the court views the evidence in the light most favorable to the nonmovant. *Id.* at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59, 90 S. Ct. 1598 (1970)).

B. *<u>Res Judicata</u>*

The federal full faith and credit statute requires federal courts to give state court judgments the same preclusive effect they would enjoy in the courts of the rendering state. 28 U.S.C. § 1738; *accord Marrese v. American Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 379 (1985); *In re Erlewine*, 349 F.3d 205, 210 (5th Cir. 2003); *Dodd v. Hood River County*, 59 F.3d 852, 861 (9th Cir. 1995). Accordingly, when giving preclusive effect to a state court judgment, a federal court applies the issue and claim preclusion rules of that state. *See In re Keaty*, 397 F.3d 264, 270 (5th Cir. 2005); *U.S. ex rel. Laird v. Lockheed Martin Eng'g & Sci. Servs. Co.*, 336 F.3d 346,

357 (5th Cir. 2003), *abrogated on other grounds by Rockwell Int'l Corp. v. United States*, 549 U.S. 457 (2007). Here, because the underlying breach of contract judgment is from an Oregon state court, Oregon claim preclusion rules apply.[7]

Under Oregon law, "the general rule in claim preclusion jurisprudence that a plaintiff who has prosecuted one action against a defendant and obtained a valid final judgment is barred by *res judicata* from prosecuting another action against the same defendant where (a) the claim in the second action is one which is based on the same factual transaction that was at issue in the first; (b) the plaintiff seeks a remedy additional or alternative to the one sought earlier; and (c) the claim is of such a nature as could have been joined in the first action." *Dodd*, 59 F.3d at 862 (citing *Van De Hey v. United States Nat'l Bank of Oregon*, 829 P.2d 695, 698 (Or. 1992)). A "claim" is defined broadly under Oregon jurisprudence. *Bloomfield v. Weakland*, 199 P.3d 318, 325 (Or. Ct. App. 2008). Indeed, "[f]or *res judicata* purposes a 'claim' or 'cause of action' . . . [means] a group of facts which entitled plaintiff to relief." *Id.* (quoting *Troutman v. Erlandson*, 598 P.2d 1211, 1218 (Or. 1979)). "The doctrine 'does not require actual litigation of an issue of fact or law; nor does it require that the issue have been essential to the final or end result of the proceeding. It requires only that there have been an opportunity to litigate the issue in a proceeding that produced a final judgment on the merits.'" *Cogan v. City of Beaverton*, 203 P.3d 303, 308 (Or. Ct. App. 2009) (quoting *Bloomfield v. Weakland*, 92 P.3d 749, 755 (Or. Ct. App. 2004)). "The policies upon which the doctrine of claim preclusion is based include achieving

---

[7] Defendants briefed the *res judicata* issue under an incorrect legal standard in both their motion for summary judgment and their objections to the magistrate judge's report. Defendants make their arguments according to Fifth Circuit *res judicata* principles rather than Oregon state law. Nonetheless, Defendants' objections are colorable.

finality on a dispute and preventing the splitting of a dispute into separate controversies." *Bloomfield*, 92 P.3d at 755.

In this case, each element of *res judicata* is satisfied. In the Oregon state-court action, Plaintiff filed suit against the same defendants under the theories of breach of contract and his tort based claim, financial abuse of the elderly. There is no dispute that the breach of contract claim was decided adversely to Plaintiff and a final judgment dismissing that claim with prejudice was rendered on October 18, 2007.[8] In addition, Plaintiff sought in that lawsuit to recover the funds allegedly entrusted in the same investment scheme described and alleged in this lawsuit. Indeed, a comparison of Plaintiff's Oregon petition and his complaint in this action reveals a nearly identical recitation of the facts, which arise from the agreement between Plaintiff and the Wiggins couple to invest funds and the Wiggins' subsequent refusal to return Plaintiff's money.

Nothing prevented Plaintiff from asserting his additional claims in Oregon. The causes of action asserted in this lawsuit are equally available under Oregon law and could have been prosecuted in an Oregon state court. *See*, *e.g.*, *Talley v. United States Dep't of Agriculture*, No.09-2123, 2010 WL 476656, at *4 (7th Cir. Feb.12, 2010) (citing 15 U.S.C. § 1681p, which states that Fair Credit Reporting Act claims may be brought in any court of competent jurisdiction); *Becker v. Pacific Forest Indus., Inc.*, 211 P.3d 284, 287 (Or. Ct. App. 2009) (conversion); *Spirit Partners, LP v. Stoel Rives, LLP*, 157 P.3d 1194, 1201 (Or. Ct. App. 2007) (breach of fiduciary duty); *Phillips v. Rathbone*, 93 P.3d 835, 841 (Or. Ct. App. 2004)

---

[8] Plaintiff's tort claim was voluntarily dismissed. Under Oregon law, a voluntary dismissal cannot form the basis for barring subsequent claims under *res judicata*. *State ex rel. Myers v. Cigtec Tobacco, LLC*, 115 P.3d 978, 980 (Or. Ct. App. 2005). This is of no moment, however, as a final judgment was produced after a jury trial on the merits of Plaintiff's breach of contract claim. *Cogan*, 203 P.3d at 308.

(quasi-contractual relief to prevent unjust enrichment); *Pollock v. D. R. Horton, Inc.*, 77 P.3d 1120, 1131 (Or. Ct. App. 2003) (fraud); *Potter v. Hatter Farms, Inc.*, 641 P.2d 628, 633 (Or. Ct. App. 1982) (promissory estoppel). Accordingly, the court finds that the claims Plaintiff seeks to assert in this action "could have been joined in the first action." *See Drews II v. EBI Companies*, 795 P.2d 531, 535 (Or. 1989). Thus, because Plaintiff had the opportunity to litigate his extra-contractual claims against Defendants in Oregon, his claims are barred under the doctrine of *res judicata*.

Plaintiff's cause of action under the Texas Theft Liability Act was not at issue in the Oregon civil action, and the Oregon court likely would have refused to entertain it. Consequently, it is unlikely that *res judicata* bars that claim. But, as the magistrate judge correctly determined, the claim is nonetheless barred by the Texas two-year statute of limitations, as it involves the taking of the personal property of another. *See* TEX. CIV. PRAC. & REM. CODE § 16.003(a).

III. Conclusion

Consistent with this opinion, the magistrate judge's recommendation regarding *res judicata* is rejected, but his report is adopted in all other respects. Accordingly, Defendants' Motion for Summary Judgment (#95) is granted for the reasons stated herein. Plaintiff's claims against Defendants are dismissed with prejudice. A final judgment will be entered separately.

SIGNED at Beaumont, Texas, this 3rd day of March, 2010.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE